UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

VINOD KUMAR DAHIYA                                              CIVIL ACTION

v.                                                              NO. 20-1527

TALMIDGE INTERNATIONAL LTD., ET AL.                             SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff Vinod Kumar Dahiya's motion to remand. For the reasons that follow, the motion is DENIED.

**Background**

This case arises from personal injuries sustained by an Indian national in international waters in 1999. Despite a Louisiana state court judgment which was vacated on appeal and an Indian arbitration award in the seaman's favor, this protracted litigation continues two decades later.

Plaintiff Vinod Kumar Dahiya, an Indian national, served as an engine cadet on the M/T EAGLE AUSTIN, a Singapore-flagged vessel owned by Talmidge International Ltd. Dahiya worked on the vessel pursuant to an employment contract (called a "Deed") with Neptune Shipmanagement Services (PTE), Ltd., a Singapore-based ship crewing agency. While the EAGLE AUSTIN was in international waters

1

on November 13, 1999, Dahiya was burned while operating the vessel's incinerator.  Before he returned to India, Dahiya was briefly treated for his injuries in Baton Rouge, Louisiana.

On March 4, 2002, Dahiya sued Talmidge International Ltd., Neptune Shipmanagement Services (PTE), Ltd., American Eagle Tankers, Inc., American Eagle Tankers Agencies, Inc., and The Britannia Steam Ship Insurance Association (the defendants, and collectively, the "Vessel Interests") in state court in Plaquemines Parish. On July 12, 2002, the Vessel Interests removed the lawsuit to this Court, invoking The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. 6997, 330 U.N.T.S. 3, and its enabling legislation, 9 U.S.C. § 201.  See Dahiya v. Talmidge Int'l Ltd., et al., No. 02-2135 (E.D. La. 2002) ("Dahiya I").  Dahiya moved to remand and the Vessel Interests moved to compel Dahiya to arbitrate his claims pursuant to the terms of the parties' Deed.

On October 11, 2002, this Court granted Dahiya's motion to remand and denied the Vessel Interests' motion to compel arbitration. Dahiya I, 2002 WL 31962151 (E.D. La. Oct. 11, 2002). The order remanding Dahiya I was unreviewable by the Fifth Circuit. See Dahiya I, 371 F.3d 207, 209 (5th Cir. 2004) (ruling that appellate court was precluded from reviewing order remanding case

2

for lack of subject matter jurisdiction, "no matter how erroneous" the remand order). This Court has since observed that its remand ruling was erroneous, the Vessel Interests point out; and, Dahiya does not dispute that the Fifth Circuit has explicitly rejected the argument (previously accepted by this Court) that La.R.S. § 23:921 invalidates foreign arbitration clauses in employment contracts of foreign seamen. See, e.g., Lim v. Offshore Specialty Fabricators, Inc., 404 F.3d 898, 906 (5th Cir. 2005).

The Vessel Interests' motion to compel arbitration – re-urged in state court on remand – was denied on August 8, 2003. Discretionary writs were denied by the state appellate court, and Dahiya's personal injury claims proceeded to trial on the merits. Dahiya prevailed. A judgment was entered against Neptune, Talmidge, and American Eagle Tankers. Defendants appealed.[1] Reversing the state trial court judgment, the state appellate court ruled in the Vessel Interests' favor as to their first assignment

---

[1] Dahiya cross-appealed, challenging the adequacy of the $579,988 damages award and arguing that the state district court inadvertently omitted from the judgment the insurer, Britannia. The state appellate court pretermitted resolution of Dahiya's cross-appeal and certain of defendants' assignments of error, given that relief was granted on the Vessel Interests' first assignment of error (in which the Vessel Interests argued that the state district court erred in failing to sustain their exceptions of no right of action given the arbitration clause and failed to dismiss or stay the case pending arbitration). All other assignments of error were thus moot.

of error; in so doing, the state appellate court held that the arbitration clause in Dahiya's Deed was valid and enforceable, and ordered Dahiya to arbitrate his claims against the Vessel Interests in India. Dahiya I, 931 So. 2d 1163, 1173 (La. App. 4 Cir. 2006). The state appellate court thus remanded the case to the state trial court with instructions to compel the parties to arbitrate in India. Id. On May 29, 2007, the U.S. Supreme Court denied Dahiya's petition for a writ of certiorari. Dahiya I, 550 U.S. 968 (2007).

On October 10, 2007, the state trial court stayed the case pending arbitration; a process that itself spanned years for contested reasons the Court need not address. Ultimately, Dahiya prevailed in the Indian arbitration. On January 25, 2020, he obtained an award against Neptune of 95 Lakh, which is 9,500,000 Indian Rupees, or approximately $130,000.[2]

---

[2] Among the many contentious issues the parties debate, Dahiya notes that the arbitration award remains unpaid, but the Vessel Interests submit that they offered to satisfy the Indian Arbitration Award. The Vessel Interests say that they contacted Dahiya's Indian counsel in an effort to agree on the amounts owed under the award, particularly the amount of accrued interest. But, the Vessel Interests say, Dahiya has ignored their inquiries and refused to cooperate with their attempts to satisfy the award. One matter perhaps both can agree on: Dahiya's attempt to reinstate the Louisiana state court judgment or re-try his personal injury claim in Louisiana state court indicates that he is dissatisfied with the Indian arbitration award.

4

Less than three months later, on April 15, 2020, Dahiya filed a "Motion to Reinstate Judgment, or Alternatively Re-Set for Trial" in the Louisiana state court lawsuit. In that motion, Dahiya "pointed out that the arbitration award is not enforceable under U.S. law, and only affects one of the named defendants in the suit." Before the state court could resolve Dahiya's motion, the Vessel Interests, now for a second time, removed Dahiya's lawsuit from state court to this Court. The same day they removed this lawsuit, on May 26, 2020, the Vessel Interests sued Dahiya in this Court; the Vessel Interests' originally filed case was assigned Civil Action Number 20-1525, and this removed case was assigned Civil Action Number 20-1527. In 20-1525, the Vessel Interests filed a complaint under the Convention and its enabling legislation seeking an order confirming the Indian Arbitration Award, a judicial declaration that this litigation has been resolved, and a permanent injunction enjoining Dahiya from making any further attempts to litigate his personal injury claim in the United States. Similarly, in this removed lawsuit, the Vessel Interests ultimately seek confirmation of the arbitration award and a final order dismissing Dahiya's personal injury claims. Because both 20-1525 and 20-1527 are related to the 18-year-old removed case assigned to this Section of Court (Civil Action Number 02-2135),

5

both 20-1525 and 20-1527 were transferred here from other Sections of Court. Dahiya now promptly moves to remand 20-1527.[3]

I.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Here, the removal at issue is predicated on the United States' adoption of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). Title 9 of the U.S. Code implements the Convention at Chapter 2, §§ 201-08 (the "Convention Act"). The Convention Act was intended "to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standards by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." Acosta v. Master Maint. & Constr. Inc., 452 F.3d 373, 376 (5th Cir. 2006)(citation omitted). In pursuit of that objective, the Convention Act

---

[3] In Civil Action Number 20-1525, the Vessel Interests moved to consolidate Civil Actions 20-1525 and 20-1527 and for entry of a briefing schedule. Dahiya opposed. At the Vessel Interests' request, the Court expedited consideration of the motion to consolidate. On June 30, 2020, the Court denied the motion to consolidate without prejudice.

6

contains expansive original jurisdiction and removal provisions so that cases within the Convention's ambit proceed "in federal court unless the parties unequivocally choose otherwise." Id. at 377 (citation omitted).

> The statute's jurisdictional grant, § 203, provides that:
>
> [A]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of amount in controversy.

The statute's removal provision, § 205, permits removal to federal court when an "action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention." Section 205 generally embraces "[t]he procedure for removal of causes otherwise provided by law." In Dahiya I, the Fifth Circuit specifically observed that "[t]his 'procedure for removal' includes the strictures of 1447(d)." Dahiya I, 371 F.3d at 209 (citation omitted).

As courts have consistently recognized, § 205 is an expansive removal provision. See, e.g., Acosta, 452 F.3d at 376 ("[T]he federal courts have recognized that the plain and expansive language of the removal statute embodies Congress's desire to provide the federal courts with broad jurisdiction over Convention Act cases in order to ensure the reciprocal treatment of

7

arbitration agreements by cosignatories of the Convention."); Beiser v. Weyler, 284 F.3d 665, 671 (5th Cir. 2002)("[T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense."); Adams v. Oceaneering Int'l, Inc., 2010 WL 5437192, at *2 (W.D. La. Dec. 21, 2010)("According to the Fifth Circuit, [§ 205 is] the broadest removal statute in the federal code.").  "So generous is the removal provision that we have emphasized that the general rule of construing removal statutes strictly against removal 'cannot apply to Convention Act cases because . . . Congress created special removal rights to channel cases into federal court.'" Acosta, 452 F.3d at 377 (citation omitted).

Accordingly, within this removal-friendly regime, removal may be effected when a defendant can show that (1) "an arbitration agreement or award [] falls under the Convention," and (2) the case "relate[s] to that arbitration agreement." Adam Joseph Res. v. CAN Metals Ltd., 919 F.3d 856, 862 (5th Cir. 2019).

II.

A.

Dahiya does not dispute that the Court has subject matter jurisdiction over this action; rather, he challenges the

8

procedural propriety of removal. Specifically, he contends that the removal at issue was both untimely and an impermissible "re-removal." The Court considers both arguments in turn.

1. Whether Removal Is Timely.

As relevant here, § 205 provides that:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, *at any time before the trial thereof*, remove such action or proceeding to the district court of the United States . . . .

9 U.S.C. § 205 (emphasis added). Focusing on the emphasized proviso, Dahiya contends that the removal at issue is untimely because a subsequently vacated trial in the underlying state-court action was held in 2004. The Vessel Interests counter that Dahiya's state-court claims were not fully and finally adjudicated in that trial, and that, therefore, Dahiya's argument fails to account for the effect of the state appellate court's reversal.

Although the parties identify no precedents that squarely address the precise question of statutory interpretation this raises, the Court is persuaded that the better interpretation is the Vessel Interests'. That interpretation is a reasonable one; indeed, while Dahiya argues that *any* state-court trial renders a theretofore removable Convention case unremovable, there is

9

greater reason to believe that Congress merely intended to preclude the post hoc removal of tried-and-resolved state-court actions.

Both the plain language of § 205 and the statutory scheme in which it operates suggest as much. As to the language, § 205 refers to "*the* trial" of "an action . . . pending in a State court relat[ing] to an arbitration agreement or award falling under the Convention," not *a* trial, or *any* trial. Id. (emphasis added). The word "the" is inherently exclusive, and its use in this context implies that Congress likely meant to speak to the *single* event that resolves a state-court action that would otherwise be amenable to removal (ordinarily, to be sure, this would indeed be a trial). In situations where, as here, an initial trial has been subsequently vacated and no longer exerts any influence over the parties' legal standings with regard to a still-pending state-court action, it is difficult to conceive of "*the* trial" as having come and gone.

The statutory scheme of the Convention Act also counsels a broader reading of § 205 than Dahiya urges. As the Supreme Court has explained, where a statute's meaning is plain, courts must enforce it accordingly; "[b]ut oftentimes, 'the meaning – or ambiguity – of certain words or phrases may only become evident when placed in context.'" King v. Burwell, 576 U.S. 473, 486

10

(2015) (quoting FDA v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 132 (2000)). Such is the case here. Accordingly, "the Court must read the words 'in their context and with a view to their place in the overall statutory scheme.'" Id. (quoting Brown & Williamson, 529 U.S. at 132). As previously noted, the removal regime Congress created in the Convention Act is perhaps the most permissive "in the statute books." Acosta, 452 F.3d at 377. The rigid interpretation advanced by Dahiya does not square with § 205's placement in a statutory scheme that clearly evinces a congressional intent to affirmatively "channel cases into federal court." McDermott Int'l, Inc. v. Lloyds Underwriters of London, 994 F.2d 1199, 1213 (5th Cir. 1991).

All of this may explain why, as the Vessel Interests observe, several other courts have held that trial-court finality (and not necessarily the occurrence of a trial per se) is what terminates a case's removability under § 205. See, e.g., Infuturia Glob. Ltd. v. Sequus Pharm., Inc., 631 F.3d 1133, 1139 (9th Cir. 2011) ("The meaning of [§ 205] is clear: a defendant may remove a qualifying state court action to federal court at any time before the claims raised in the state court action have been *adjudicated*." (emphasis added)); Lannes v. Operators Int'l, 2004 WL 2984327, at *11 (E.D. La. Dec. 20, 2004) (holding that removal under § 205 was

11

timely because movants seeking remand could not identify any "ruling in the state court which has resulted in a *final determination* of the plaintiff's claims" (emphasis added) (quoting Acosta v. Master Maint. & Constr., Inc., 52 F. Supp. 2d 699, 705 (M.D. La. 1999)) (internal quotation marks omitted)).

As such, the best interpretation of § 205, and the procedural posture of this case, indicate that the Vessel Interests' removal was timely.

2.   Whether Re-Removal Is Permissible

While the Court's finding on timeliness disposes of one procedural ground for Dahiya's motion to remand, Dahiya also objects to the Vessel Interests' *re*-removal of the state-court action at issue. In Dahiya's view, the Vessel Interests' removal of this action a second time constitutes an impermissible collateral attack on the Court's dated (and now repudiated) rejection of the Vessel Interests' initial removal some years ago. This issue is more clear-cut.

As the Vessel Interests observe, "[t]he Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand." S.W.S. Erectors, 72 F.3d at 492. Indeed, "[a]s a general rule, once a case is remanded to state court, a defendant is

12

precluded only from seeking a second removal *on the same ground*." Id.

Here, the Vessel Interests do not "seek[] a second removal on the same ground." See id. (emphasis omitted). Instead, their second removal is premised on a novel development in the litigation: an arbitrator's entry of a substantial award for Dahiya.

Confusing the relevant standard, Dahiya charges the Vessel Interests with predicating the instant removal on the same jurisdictional foothold of § 205. See Mot. at 3-4 ("The instant removal is based on the exact same factual grounds as was the previous removal: That the subject matter of Dahiya's claim relates to an arbitration agreement or award falling under the Convention, such that the case can be removed pursuant to 9 USC 205."). This misstates the Court's inquiry, however, which is instead to determine whether an attempted re-removal is permissible by determining whether a new pleading or event makes the case removable. See S.W.S. Erectors, 72 F.3d at 492-93 ("The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable."). Here, the entry of an award

13

by a foreign arbitrator is indeed a new "event" that makes a case removable under § 205, and consequently, the Vessel Interests' re-removal is not impermissible under Fifth Circuit precedent.

\*   \*   \*

Accordingly, IT IS ORDERED: that the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, September 16, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE